## BEN WILSON V. STATE.

No. 29,896. June 11, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) June 28, 1958.

*Sam M. Russell,* Stephenville, for appellant.

*Sam Cleveland,* Stephenville, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is theft by bailee; the punishment, three years.

The sufficiency of the evidence to sustain the jury's finding that the meat in question was appropriated by the appellant so as to constitute the crime of theft is seriously challenged.

The witness Dawson was at the time in question en route to his home in Oklahoma in a pickup truck in which he was carrying 128 pounds of frozen beef. He had motor trouble and decided to spend the night in the city of Dublin. Through the intervention of a filling station operator, Dawson secured permission from the appellant to store his meat in the deep freeze at appellant's cafe. The following morning when Dawson presented himself at the cafe to reclaim his meat the appellant was not on duty and the meat was not in the deep freeze. The officers were called, and they proceeded to appellant's home and asked the appellant where the meat was that had been stored with him overnight. The appellant immediately told the officers that the meat was in his ice box and opened the same and showed it to them. It was shown that the meat was in its original packages, none of which had been opened.

The appellant did not testify but offered testimony that he had never before been convicted of a felony.

The able trial court charged on the law of circumstantial evidence, but we have concluded that even under such a charge the evidence is insufficient to support the jury's finding that the appellant appropriated the meat to his own use and benefit.

None of the meat was missing; none of the packages had been opened, nor had there been any effort to obliterate Dawson's

name which appeared on many of the packages; there was no evidence that the appellant had tried to sell any of the meat or that he concealed it in any way or that he hesitated or answered untruthfully when being questioned about the property.

In Jones v. State, 49 S.W. 387, Judge Henderson, speaking for this court on a similar fact situation, said:

"It is true this proof can be made by circumstances, and the party may convert the property to his own use while he still has it in possession, not having parted with it; but in such case the proof should establish the fact of the appropriation beyond a probability or suspicion."

See also Cannon v. State, 38 Texas Cr. Rep. 322, 42 S.W. 981.

For all this record reveals, the appellant may have become apprehensive about a failure of his deep freeze to continue to operate through the night and decided to carry the meat to his own home at the time he closed the cafe for the night.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.